IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Anthony Pridgen, | ) | 4:01-cr-00627-CWH-6 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| United States of America, | ) | |
| Respondent. | ) | |

## I. Introduction

On August 2, 2011, the petitioner, Anthony Pridgen (the "petitioner"), proceeding pro se, filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a petition seeking to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons discussed below, the petitioner's § 2255 petition is denied, and the motion for summary judgment filed by the United States (the "respondent") is granted.

## II. Procedural History

After a five-day trial by jury, the petitioner was convicted of charges of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, less than 500 grams of cocaine, and less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[2] (ECF No. 284). On October 30, 2002, after a hearing, the Court sentenced the petitioner to

---

[1] The petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of his petition.

[2] The petitioner was tried along with two co-defendants, Vander More Gore, Jr. and Johnny Lee Gore (the "co-defendants"). The co-defendants also were convicted.



a term of 292 months' imprisonment. The petitioner timely appealed his conviction, and his appeal was consolidated with the appeals of his two co-defendants. The convictions and sentences were affirmed by the Fourth Circuit Court of Appeals. United States v. Gore, 102 F. App'x 292 (4th Cir. 2004) (per curiam). The petitioner's co-defendants then filed timely petitions for a writ of certiorari in the United States Supreme Court. Their writs were granted, and on August 18, 2006, their cases were vacated and remanded to the district court for further consideration in light of United States v. Booker, 543 U.S. 223 (2005). See Gore v. United States, 544 U.S. 958 (2005). However, the petitioner's petition for a writ of certiorari, which had been filed on February 15, 2005, was deemed untimely, and was denied. See Pridgen v. United States, 544 U.S. 934 (2005).

On January 13, 2006, the petitioner filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. (See Civil Action # 4:06-166-CWH, ECF No. 1). Instead of considering his § 2255 motion, the Court granted the respondent's motion to re-sentence the petitioner pursuant to Booker, and dismissed the petitioner's other claims without prejudice to allow him to raise them at a later time. (See Civil Action # 4:06-166-CWH, ECF No. 24).

On September 8, 2008, the petitioner was resentenced. The Court, considering the sentencing guidelines as advisory, departed below the guideline range and reduced the petitioner's term of imprisonment from 292 months to 240 months, which was the mandatory minimum sentence the petitioner could have received under the drug statute. (ECF Nos. 717, 718). The petitioner appealed. His appellate attorney filed a brief in conformity with Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the district court properly



considered the factors set out in 18 U.S.C. § 3553(a) at re-sentencing. The petitioner filed a pro se supplemental brief, claiming the district court erred when it dismissed his § 2255 motion and resentenced him instead.

On May 6, 2010, the Fourth Circuit Court of Appeals held that this Court had no discretion to sentence the petitioner below the twenty-year statutory mandatory minimum, and found that his 240 month sentence was substantively reasonable. United States v. Pridgen, 377 F. App'x 298, 299 (4th Cir. 2010) (per curiam). The Fourth Circuit further held that this Court did not err when it dismissed the petitioner's action for post-conviction relief, and dismissed that portion of his appeal. Id.

On July 22, 2011, the petitioner filed a pro se motion, pursuant to 18 U.S.C. § 3582(c)(2), seeking a further reduction of his sentence, based upon the Fair Sentencing Act of 2010. The Court held that the Fair Sentencing Act did not apply to the petitioner's case, because he had been sentenced prior to the statute's effective date, and denied the motion. (ECF No. 956).

On August 5, 2011, the petitioner filed the instant petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, asserting claims of ineffective assistance of counsel at trial, at sentencing in 2002, and with respect to the appeal that followed his re-sentencing. Four months later, on December 6, 2011, the petitioner filed a motion to amend his § 2255 petition, seeking permission to add another ground to challenge his conviction.

## III. Standard of Review

### A. The pro se petition

The Court is required to construe pro se complaints and petitions liberally. A pro se complaint or petition is held to a less stringent standard than those drafted by attorneys, Gordon

v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se documents are to be liberally construed). However, the requirement of liberal construction does not mean that the Court may ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in the federal district court. See Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

### B. The motion for summary judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the nonexistence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The nonmoving party must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party

and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

### C. Ineffective Assistance of Counsel

#### 1. At trial

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel guaranteed by the Sixth Amendment includes the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In order to prevail on an ineffective assistance claim, the petitioner must satisfy the rigorous two-pronged test established in Strickland, and demonstrate by a preponderance of the evidence that (1) the attorney's performance was deficient, and (2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland, 466 U.S. at 687. In attempting to establish ineffective assistance of counsel, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this Court will apply a "heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 689-91; United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004). The Supreme Court has cautioned that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689. The reasonableness of a counsel's actions often depend on "informed strategic choices made by the defendant and on information supplied by the defendant." Id. at 691. The question whether counsel's performance

was deficient may be answered only by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. See Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993).

In addition to showing that counsel's performance was deficient, a defendant also must prove that he was prejudiced by counsel's performance. A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. To do so, he must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

An analysis of an ineffective assistance of counsel claim initially may focus on the prejudice prong of the Strickland test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. Furthermore, a court applying the Strickland test may apply either prong first and need not analyze both prongs of the test if petitioner makes "an insufficient showing on one." Id.

### 2. On appeal

The right to effective assistance of counsel extends to require such assistance on direct appeal of a criminal conviction. See Evitts v. Lucey, 469 U.S. 387, 396 (1985). In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct

appeal, the applicant must normally demonstrate (1) that his "counsel's representation fell below an objective standard of reasonableness" in light of the prevailing professional norms, Strickland, 466 U.S. at 688, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. This Court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989) (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000) (holding that a habeas applicant must demonstrate that "counsel was objectively unreasonable" in failing to file a merits brief addressing a nonfrivolous issue and that there is "a reasonable probability that, but for his counsel's unreasonable failure . . . , he would have prevailed on his appeal"). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).



### D. The § 2255 Petition

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. See 28 U.S.C. § 2255. To obtain relief under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. White v. United States, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam)). In ruling on a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b).

Section 2255 provides for an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. A federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle him to relief. Townsend v. Sain, 372 U.S. 293, 312 (1963). When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary. See Becton v. Barnett, 920 F.2d 1190, 1192 (4th Cir. 1990). After studying the parties' positions as set out in their respective submissions, the Court has determined that an evidentiary hearing is not necessary.

## IV. The Petitioner's Grounds for § 2255 Relief

### A. "Petitioner was denied Due Process and Effective Assistance of Counsel Pursuant to the Fifth and Sixth Amendment(s)." (ECF No. 959 at 5).

The petitioner first argues he was denied effective assistance of counsel because his trial counsel failed to object when the prosecution commented, in its opening statement to the jury, that three non-testifying co-defendants had entered guilty pleas after jury selection. (Pet. Mem. (ECF No. 959-1) at 3).

According to the respondent, the prosecutor sought to explain the reason that, at jury selection a few weeks before the trial, there had been six defendants, but on the first day of trial, only three defendants were present. She stated to the jury: "Now, you met the defendants at jury selection. But since that time, three defendants have pled guilty. The remaining defendants in this case are Mr. Vander More Gore, . . . Mr. Johnnie [sic] Gore, . . . and Mr. Anthony Pridgen . . . ." (Resp. Mot. (ECF No. 1027-1) at 8, citing J.A. at 80). None of the parties objected to the prosecutor's statement.[3]

The petitioner contends that the respondent erred when it informed the jury, in its opening statement, that three non-testifying co-defendants had pled guilty. Indeed, it is well-settled that "evidence of a non-testifying co-defendant's guilty plea should not be put before the jury." United States v. Blevins, 960 F.2d 1252, 1260 (4th Cir. 1992). The test for whether such

---

[3] The petitioner's co-defendant, Johnny Gore, raised this issue in the consolidated appeal filed on behalf of the petitioner, Johnny Gore, and Vander Gore. United States v. Gore, 102 F. App'x 292. Johnny Gore argued that the prosecutor's remarks were so prejudicial as to have deprived him of a fair trial. The Fourth Circuit held, with respect to Johnny Gore, that the government's statements were not so prejudicial as to have deprived him of a fair trial because he had admitted he had been involved in the conspiracy and the crux of his case focused on whether he had adequately withdrawn from the conspiracy. Gore, 102 F. App'x at 294.



prosecutorial error is so prejudicial as to require reversal generally has two parts: (1) whether the prosecutor's remarks were improper; and (2) whether the remarks prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial. United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). In the consolidated appeal, the respondent conceded its comments were improper, Gore, 102 F. App'x at 294, and therefore the issue is whether the remarks prejudiced the petitioner. The Fourth Circuit has articulated several factors that must be considered when determining prejudice, including:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995). In addition, a court also should determine whether the remarks were invited, United States v. Young, 470 U.S. 1, 12-13 (1985), and examine the remedial effect of any curative instruction provided at trial. United States v. Harrison, 716 F.2d 1050, 1053 (4th Cir. 1983).

Applying these factors to the case at bar, the petitioner's claim of prejudice fails. The Court finds that the prosecutor's remarks were brief and isolated, and the petitioner does not argue that they were deliberately placed before the jury in a manner calculated to evoke prejudice against him. Instead, it is obvious that the prosecutor was attempting to explain to the jury the reason there were fewer defendants present at trial than there had been at jury selection. Furthermore, the petitioner has not shown that, but for these comments, the result of his trial would have been different. The proof of his guilt was overwhelming, with the government presenting the numerous witnesses, including co-defendants Andrew Page and Gregory Bellamy,

who testified about the petitioner's participation in drug trafficking and in the Gore family's drug business. (Presentence Report (ECF No. 764) at 4-7). In addition, when instructing the jury at the close of the case, this Court properly advised the jury that the fact that an accomplice had pled guilty was not evidence of the guilt of any other person. See, e.g., Blevins, 960 F.2d at 1260-61 n.3 (a reference to the guilty pleas of testifying co-defendants is harmless error if there is a limiting instruction). In conclusion, the prosecutor's comments, although improper, did not affect the outcome of the trial and constitute harmless error. See United States v. Morsley, 64 F.3d 907, 913-14 (4th Cir. 1995). Therefore, the petitioner is unable to show that his attorney's performance prejudiced his defense, as required under Strickland. Id., 466 U.S. at 687.

**B. "Trial counsel failed to Object to the Prosecutor's Bolstering and Vouching for the Credibility of the Government Witness."** (ECF No. 959 at 7).

As a second ground for vacating his conviction, the petitioner argues his trial counsel was ineffective for failing to object to the prosecutor's bolstering, or vouching for, the credibility of several witnesses. (Pet. Mem. (ECF No. 959-1) at 3-4). The comments which the petitioner contends were improper again occurred in the government's opening statement. The prosecutor explained to the jury that most of the witnesses in the case were drug dealers who also were charged in the same conspiracy as the defendants. She further explained that the testifying defendants had entered into plea agreements with the government, and as a part of their deal, they were required to tell the truth. The prosecutor stated, "You're going to be the judge of the credibility of those witnesses on the witness stand. But I submit to you that they are not going to hide anything from you, and they are going to tell you the truth about everything." (Pet. Mem. (ECF No. 1027-1) at 11-12, citing J.A. at 84-85).

As was the case with the petitioner's first ground for habeas relief, this very same argument was made by the defendant, Johnny Gore, in the consolidated appeal. See Gore, 102 F. App'x at 295. In Gore, the Fourth Circuit concluded the government did not commit any improper vouching or bolstering in the opening statement, as the prosecutor did not indicate a personal belief in the witnesses' credibility, nor did she make explicit assurances of their trustworthiness. Id. That rationale and conclusion applies equally to the petitioner's claims in the instant petition. Counsel's failure to object cannot form the basis for a successful ineffective assistance of counsel claim.

### C. "Counsel on Re-sentencing Failed to Raise Petitioner's Kimbrough Claims as to be considered [sic] Sentencing Factors Pursuant to 18 U.S.C. [§] 3553(a)." (ECF No. 959 at 9).

When the petitioner was originally sentenced after his conviction in 2002, he was sentenced at the low end of the guideline range to 292 months in prison. Subsequently, this Court granted the petitioner a re-sentencing pursuant to Booker, and on September 8, 2008, the petitioner was resentenced. (ECF No. 717). The Court considered the sentencing guidelines to be advisory in nature, and departed below the guideline range to reduce the term of the petitioner's imprisonment from 292 months to 240 months. (ECF Nos. 717, 718). In so doing, the Court stated that it had reviewed and considered the sentencing factors under 18 U.S.C. § 3553(a), and that the Court had no discretion to sentence the petitioner below the statutory mandatory minimum term of 240 months.

On appeal to the Fourth Circuit, the petitioner's attorney argued, without success, that this Court should have given greater deference to the § 3553(a) factors, which would have resulted in the petitioner receiving a lesser sentence. United States v. Pridgen, 377 F. App'x 298 (4th Cir.



2010). The Fourth Circuit held: "The district court had no discretion to sentence Pridgen below the statutory mandatory minimum, see United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), and his sentence to the statutory mandatory minimum is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, – U.S. – , 129 S.Ct. 743, 172 L.Ed.2d 740 (2008)." Pridgen, 377 F. App'x at 299.

The petitioner now contends in the instant petition that his counsel at the re-sentencing hearing rendered ineffective assistance because he did not sufficiently argue the § 3553 sentencing factors, and did not urge this Court to depart outside the advisory guideline range. In addition, the petitioner alleges that his attorney failed to argue that Kimbrough v. United States, 552 U.S. 85 (1997), provided a basis for the trial court to depart from the 100:1 crack cocaine to powder cocaine ratio.

The petitioner's argument is totally without merit. The petitioner was sentenced pursuant to a statutory mandatory minimum term. As this Court explained at re-sentencing, Booker did not remove the statutory mandatory minimum, and the Court had no discretion to sentence him below the minimum term of 240 months, regardless of the arguments of counsel. See United States v. Robinson, 404 F.3d 850, 852 (4th Cir. 2005). As the Fourth Circuit observed in Pridgen, the petitioner's argument that he could have received a lower sentence if this Court had given greater deference to the § 3553 factors was completely without merit. Pridgen, 377 F. App'x at 299. The fact remains that, in this case, this Court had no discretion to impose a sentence of fewer than 240 months. Although, in theory, the petitioner's attorney could have argued the § 3553 sentencing factors and Kimbrough at re-sentencing, the argument would have



been rejected. The petitioner's counsel was not ineffective for failing to present a futile argument.

### D. "Counsel on Direct Appeal of Re-Sentencing Failed to Raise Petitioner's 18:1 Crack/Cocaine Ratio as Demanded by Petitioner." (ECF No. 959 at 11).

The petitioner claims his counsel for the appeal of his re-sentencing furnished constitutionally inadequate assistance by failing to brief certain issues "as demanded by Petitioner." (Pet. Mem. (ECF No. 959-1) at 5-6). The petitioner maintains that appellate counsel should have included an argument regarding the then-proposed 18:1 crack cocaine to powder cocaine ratio, later signed into law as the Fair Sentencing Act of 2010.

In the appeal of petitioner's case, appellate counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that in his opinion there were no meritorious grounds for appeal. He raised the issue of whether the trial court complied with 18 U.S.C. § 3553(a) when it re-sentenced the petitioner. The Fourth Circuit affirmed the district court's sentence. <u>United States v. Pridgen</u>, 377 F. App'x 298. In that opinion, the appellate court noted it had reviewed the entire record of the case and found no meritorious issues for appeal. <u>Id.</u> at 299.

The issue that the petitioner now contends should have been raised in his appeal has no merit as applied to him, because he was sentenced before the Fair Sentencing Act became law. As discussed in previous sections, the petitioner was sentenced pursuant to a statutory mandatory minimum and, until the law was changed in August, 2010, to increase the threshold amounts of crack cocaine required to trigger mandatory minimum sentences, the trial court had no authority to impose a sentence on the petitioner below 240 months. Furthermore, the Fair Sentencing Act was signed into law on August 3, 2010, but does not apply to sentences imposed prior to that date. <u>United States v. Bullard</u>, 645 F.3d 237, 249 (4th Cir. 2011) (holding that the Fair



Sentencing Act does not apply retroactively). Because the petitioner was resentenced on September 8, 2008, the original mandatory minimum penalty of 240 months remained applicable to his sentence. Requesting consideration of an issue under what, at the time, was proposed legislation would not have altered the outcome of the petitioner's sentence. The petitioner's claim of ineffective assistance is frivolous.

### V. The Petitioner's Motion to Amend his § 2255 Petition

On December 6, 2011, the petitioner filed a Motion to Amend his § 2255 petition (ECF No. 1001), seeking permission to assert an additional claim, based upon the decisions in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The petitioner contends that his sentence was improperly enhanced because the government relied on a state court conviction for which he received a suspended sentence and probation. The petitioner argues that he actually had to have received a sentence punishable by more than one year in prison in order for the mandatory minimum sentencing enhancements to apply to him.

The government argues that this claim is time-barred and does not relate back to any of his timely-filed claims in his petition. Section 2255 provides, in general, for a one-year statute of limitations from the date a petitioner's judgment becomes final. In the present case, judgment in his re-sentencing case was entered on September 8, 2008. The petitioner filed an appeal, in which a decision was issued on May 6, 2010, affirming his new sentence. The petitioner had ninety days, or until on or about August 6, 2010, to file a petition for certiorari. However, where, as here, no petition for certiorari was filed, the petitioner had until August 6, 2011, in which to file all of his challenges to his conviction or sentence. The petitioner filed his original § 2255



petition on August 2, 2011, so it was filed within this time period. However, his motion to amend was not filed until December 6, 2011, and is untimely unless it relates back to one of the claims made in his original motion.

Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, which governs amendments to § 2255 pleadings, provides that an amendment relates back to claims which are pled in the original petition if the amendment "arose out of the conduct, transaction, or occurrence set out" in the original petition. As the Supreme Court stated in Mayle v. Felix, 545 U.S. 644 (2005), in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Id. at 664. Instead, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id.

The petitioner's new claim is based on an argument that one of his prior state convictions should not have qualified as a prior conviction for purposes of enhanced penalties under 18 U.S.C. § 841(b) and § 851 because he received a suspended sentence and probation, and did not actually serve a sentence of imprisonment. The petitioner fails to demonstrate, or even to assert, that this new claim in any way relates back to any of the claims made in his original timely petition, which focused on allegations of ineffective assistance of counsel. Only one of the petitioner's claims involved a sentencing issue, and that argument addressed the sentencing factors under 18 U.S.C. § 3553. Until now, the petitioner had never raised the issue whether his prior convictions could be used for sentencing enhancement purposes. In conclusion, the petitioner's proposed amendment asserts "a new ground for relief supported by facts that differ in



both time and type from those the original pleading set forth," Mayle, 545 U.S. at 650, and does not properly relate back to the timely-filed original petition. The petitioner's motion to amend his petition is denied.

## VI. Conclusion

The government's motion for summary judgment (ECF No. 1027) is granted. The petitioner's motion to proceed in forma pauperis (ECF No. 960) is granted. The petitioner's motion to vacate pursuant to § 2255 (ECF No. 959) and motion to amend his petition (ECF No. 1001) are denied.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 31, 2012
Charleston, South Carolina

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2011). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

