IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED CLERK'S OFFICE

2015 JUL 21 P 1: 58

| United States of America | ) | Case No. 4:01-cr-00627-CWH-6 |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Anthony Pridgen | ) | |
| | ) | |

### I. Introduction

On July 16, 2015, Anthony Pridgen ("Pridgen"), a federal inmate previously sentenced by this Court and currently incarcerated at Big Spring FCI in Big Spring, Texas, filed a pro se motion for a sentence reduction pursuant to Amendment 782 to the U.S. Sentencing Guidelines Manual ("U.S.S.G."), U.S.S.G § 1B1.10(c), and 18 U.S.C. § 3582(c)(2). For the reasons set forth below, his motion is denied.

### II. Procedural History

On June 5, 2002, a jury found Pridgen guilty of conspiring to distribute and to possess with intent to distribute 50 grams or more of cocaine base, less than 500 grams of cocaine, and less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). On October 30, 2002, Pridgen was sentenced to a term of imprisonment of 292 months. Judgment was entered on December 30, 2002. Pridgen appealed, and on June 22, 2004, the Fourth Circuit Court of Appeals affirmed the conviction and sentence. United States v. Gore, 102 F. App'x 292, 295 (4th Cir. 2004) (per curiam).

On January 13, 2006, Pridgen filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Pridgen v. United States, 4:06-cv-001660-CWH). On September



12, 2008, the Court dismissed Pridgen's § 2255 motion without prejudice and instead granted his motion for resentencing based on United States v. Booker, 543 U.S. 220 (2005). (Pridgen v. United States, 4:06-cv-001660-CWH, ECF Nos. 23 & 24). After a hearing, the Court reduced Pridgen's sentence to a term of 240 months of imprisonment, which was the mandatory minimum sentence Pridgen could have received pursuant to 21 U.S.C. § 841(a)(1).[1] Pridgen appealed, and on May 6, 2010, the Fourth Circuit affirmed the sentence, holding that this Court had no discretion to sentence the petitioner below the twenty-year statutory mandatory minimum, and further found that his 240 month sentence was substantively reasonable. United States v. Pridgen, 377 F. App'x 298, 299 (4th Cir. 2010) (per curiam).

### III. Pridgen's Present Motion

Pridgen has filed a motion seeking a sentence reduction pursuant to Amendment 782, which generally reduces by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. However, Pridgen was sentenced to a statutory mandatory minimum sentence,[2] and therefore is not eligible for a sentence reduction pursuant to Amendment 782. See, e.g., United States v. Hairston, No 1:00-CR-00042, 2015 WL 3439227, at *1 (N.D. Ind. May 28, 2015) (The defendant's "sentence is dictated by statute and [therefore] not affected by any change in the base offense level of the advisory guidelines."); United States v. Minor, No. 4:08-CR-184 CAS, 2015 WL 1647896, at *2 (E.D. Mo. Apr. 13, 2015) (The "[d]efendant was sentenced to the statutory mandatory minimum sentence . . . and therefore he is not eligible for a reduction in his sentence.") (citing United States v. Torres-Perez, No. CR12-4055-DEO, 2015

---

[1] Pre-Sentence Report, revised August 27, 2002 at p. 13, ¶ 64.

[2] Sentence Reduction Report, ECF No. 1184.



WL 331962, at *2 (N.D. Iowa Jan. 26, 2015) (concluding that because the defendant was subject to a statutory mandatory minimum sentence, the defendant could not rely on Amendment 782 to reduce his sentence)).

## IV. Conclusion

For the foregoing reasons, Pridgen's motion for a reduction in sentence (ECF No. 1193) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 21, 2015
Charleston, South Carolina